UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JOSEPH A. RAIA and JACQUELINE     :
LUE-RAIA                          :
                                  :   Civ. No. 12-4366 (JLL)
         Plaintiffs,              :
                                  :
     v.                           :   REPORT AND RECOMMENDATION
                                  :
TRAVELERS AUTO INSURANCE          :
CO. OF NEW JERSEY D/B/A           :
TRAVELERS OF NEW JERSEY           :
                                  :
         Defendants.              :
_____:

**HAMMER, United States Magistrate Judge**

**I.  INTRODUCTION**

Before the Court is a motion to remand.  Plaintiffs Joseph and Jacqueline Raia (collectively "the Raias" or "Plaintiffs") originally filed this action in New Jersey Superior Court, and Defendant Fidelity and Guaranty Insurance Underwriters, Inc.[1] removed it to federal court, alleging federal jurisdiction pursuant to 28 U.S.C. § 1332.[2]  Plaintiffs now seek to remand the

---

[1] Defendant states that it was improperly pled as Travelers Auto Insurance Co of New Jersey and should have been pled as Fidelity and Guaranty Insurance Underwriters, Inc.  A review of the insurance policy attached to Plaintiffs' Complaint shows that the policy documents bore the Travelers brand, but that the insurer was listed as "Fidelity and Guaranty Insurance Underwriters, Inc."  For purposes of this Report and Recommendation, the Court will refer to Defendant either as "Fidelity" or "Defendant."

[2] As set forth in the Notice of Removal, the accuracy of which plaintiffs do not contest, plaintiffs are citizens of New Jersey, Fidelity is a Wisconsin corporation with its principal place of business in Connecticut, and the matter in controversy exceeds $75,000, exclusive of interest and costs.  Notice of Removal, July 13, 2012, ECF No. 1, ¶¶4-5.  Therefore, diversity jurisdiction
(continued...)

matter back to state court. There is no dispute that the Court properly has diversity jurisdiction and personal jurisdiction in this matter. Rather, the Raias argue that remand is appropriate because Plaintiff seeks declaratory judgment. Fidelity argues that the Court has no such discretion because there is also diversity jurisdiction. Fidelity also contends that because only one aspect of the case is a claim for declaratory judgment, even if the Court had discretion, it should exercise that discretion to hear the case. United States District Judge Jose L. Linares referred the motion to this Court for Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion to remand be denied.

## II. BACKGROUND

This brief recitation of the facts is based on the Plaintiffs' Complaint. The Raias live in Mahwah, New Jersey and had a homeowners insurance policy through Fidelity. Mr. Raia filed a claim with Fidelity on September 11, 2011, after a foundation wall collapsed at the Raias' residence. Fidelity denied the claim approximately a week later.

On June 13, 2012, Plaintiffs filed a complaint in New Jersey Superior Court, Law Division Bergen County, which asserted the following causes of action: declaratory judgment that the damage is covered by Plaintiffs' homeowners policy (Count One); breach of contract (Count Two); breach of Fiduciary Duty (Count Three); breach of the covenant of good faith and fair dealing (Count Four); and violation of the New Jersey Consumer Fraud Act (Count Five). Fidelity removed the matter to this Court on July 13, 2012. Plaintiffs now seek to remand the

---

[2](...continued)
exists pursuant to 28 U.S.C. § 1332.

matter.³

**III.   DISCUSSION**

As an initial matter, the Court notes that a decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, the Court makes the following report and recommendation.

Title 28, Section 1447 of the U.S. Code provides the general procedure for remand. Here the Raias do not argue that there is any defect, jurisdictional or otherwise, that requires remand. Plaintiffs also do not dispute that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Instead, plaintiffs ask the Court to exercise its discretion and decline to hear the case. Plaintiffs' request is based on the permissive language found in the Declaratory Judgment Act, which states that a district court "may declare the rights" of a party. The Supreme Court has explained that a district court has discretion whether or not to entertain a declaratory judgment action, particularly when a parallel matter is proceeding in state court. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Court has instructed:

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

---

³ Fidelity filed an opposition brief on September 17, 2012. Plaintiffs did not file a reply.

Id.. (internal quotations and citations omitted). The Supreme Court made clear, however, that its holding was an exception to the general rule "that federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." Id. (discussing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)). This exception largely stemmed from the history of the Declaratory Judgment Act as well as the Court's textual read of the statute: "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court 'may declare the rights and other legal relations of any interested party seeking such declaration.'" Id. at 286 (quoting 28 U.S.C. § 2201(a)). Nowhere did the Court intimate that the exception should be expanded beyond this context.

However, the claims in this case are not based solely on the Declaratory Judgment Act.[4] Plaintiffs' claim for declaratory relief is but one of five causes of action alleged in the Complaint. The presence of these other claims removes this matter from the exclusive ambit of the Declaratory Judgment Act and is a significant factor in determining whether the Court should abstain from hearing the matter. "The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist even if the

---

[4] Fidelity argues that because Plaintiffs' declaratory relief does not explicitly invoke the DJA and that because the matter was removed based on diversity, that the DJA is not implicated. Other courts have rejected such an argument as overly narrow. See, e.g., Knowlton Constr. Co. v. Liberty Mut. Ins. Co., No. 07-748, 2007 U.S. Dist. LEXIS 80605, at *4-7 (S.D. Ohio Oct. 31, 2007), but see Edwards & Caldwell LLC v. Gulf Ins. Co., No. 05-2231, 2005 U.S. Dist. LEXIS 27506 (D.N.J. Aug. 29, 2005). A court's discretion to maintain jurisdiction over a declaratory relief claim does not necessarily vanish because a party fails to cite to 28 U.S.C. § 2201.

request for a declaration simply dropped from the case." United National Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112-13 (9th Cir. 2001) (finding that a district court abused its discretion by remanding an action to state court when it included other clams for relief besides declaratory judgment); see also Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225-26 n.6 (9th Cir. 1998) ("Because claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action"); Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 951 (5th Cir. 1994) (finding that the inclusion of coercive remedies for breach of contract indisputably removed suit from ambit of declaratory judgment action); Knowlton Constr., 2007 U.S. Dist. LEXIS 80605, at *7 ("The exercise of jurisdiction over damage claims is mandatory and not discretionary as it is for the declaratory judgment claim."). Courts in this district have found similarly. For example, Judge Arleo recently issued an opinion on the same issue when faced with nearly identical facts and found that the court did not have discretion because of the presence of other claims:

> As detailed above, this action is not solely one for declaratory judgment. Rather, it revolves around the insurance coverage obligations of Continental and whether the company breached those obligations pursuant to the Policy.

Curtiss-Wright Corp. v. CNA Fin. Corp., No. 11-4416; 2012 U.S. Dist. LEXIS 42720, at *16-17 (D.N.J. Jan. 26, 2012). Judge Wigenton affirmed. Curtiss-Wright Corp. v. CNA Fin. Corp., No. 11-4416; 2012 U.S. Dist. LEXIS 42716 (D.N.J. Mar. 28, 2012); see also Edwards & Caldwell LLC v. Gulf Ins. Co., No. 05-2231, 2005 U.S. Dist. LEXIS 27506 (D.N.J. Aug. 29, 2005). These decisions comport with the Supreme Court's analysis in Wilton—a case on which Plaintiffs rely heavily. The Court in Wilton repeatedly and forcefully emphasized that their holding stemmed

5

from the particularities of the Declaratory Judgment Act. "Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of Colorado River and Moses H. Cone."). Wilton, 515 U.S. at 286; see also id. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").

Based on the presence of the additional causes of action, Plaintiffs' motion should be denied.[5] But even if Plaintiffs sought only declaratory relief, there would be little reason for the Court to decline to hear the case. Underlying the Supreme Court's analysis in Wilton was the presence of a pending state court proceeding. "The question for a district court presented with a suit under the Declaratory Judgment Act . . . is whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Wilton, 515 U.S. at 282 (discussing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942) (internal quotations omitted)). As Plaintiffs admit, there is no such state proceeding here. Pl. Brief at 6. The cases relied upon by Plaintiffs where courts declined jurisdiction largely did so because there was a pending state court action. See, e.g., State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000) (finding that a parallel state matter existed and stating that "we have suggested

---

[5] Therefore, the Court need not address Fidelity's contention that the existence of diversity jurisdiction under 28 U.S.C. § 1332 mandates that the Court retain this case. See Deft.'s Brief, Sept. 17, 2012, ECF No. 13, at 9-10. However, it bears noting that several courts have declined to exercise jurisdiction in declaratory judgment cases even when diversity jurisdiction existed. See Weber v. Nationwide Mutual Ins. Co., Civ. No. 12-2671, 2012 WL 2157712, *4-5 (E.D. Pa. June 14, 2012); Allstate Ins. Co. v. Seelye, 198 F. Supp.2d 629, 631 (W.D. Pa. 2002).

relevant considerations...[such as] a general policy of restraint when the same issues are pending in a state court...."); Munich Welding, Inc. v. Great Am. Ins., 415 F. Supp. 2d 571, 576 (W.D. Pa. 2006) ("Further, there is a parallel action stemming from this same dispute pending in the state court.").

Plaintiffs also rely on Nationwide Mut. Ins. Co. v. Svitesic, No. 05-369, 2005 U.S. Dist. LEXIS 28127 (W.D. Pa. Nov. 15, 2005). There, the district court noted that the lack of a state court proceeding was not dispositive—although usually a "salient factor"—and remanded the case back to state court. Id. at *4-6. The underlying analysis is correct. The lack of a parallel state matter is not controlling by itself. If it were, then any absence of a pending state action would necessitate maintaining jurisdiction despite the wide latitude afforded in declaratory judgment actions. But the factor is nevertheless significant and here there are no other factors weighing strongly in favor of declination.[6] Indeed, courts in the District of New Jersey weigh the absence of such a parallel state action heavily. In Curtiss-Wright, Judge Arleo found: "First, and most significantly, the general policy of restraint is not involved here as plaintiff has not demonstrated that similar issues are pending in state court." Curtiss-Wright Corp, 2012 U.S. Dist. LEXIS 42720, at *18-19 (analyzing the factors set forth in Summy regarding when it is appropriate to hear a declaratory judgment action). Other courts also afford significant weight to the absence of a state court proceeding. See Madren v. Belden, Inc., No. 12-1706, 2012 U.S. Dist. LEXIS 91635, at *14-16 (N.D. Cal. July 2, 2012) (stating that "remand would be inappropriate in this case" considering there was "no parallel action pending in state court");

---

[6]Another crucial difference between this matter and Nationwide is that the claim at issue there only sought declaratory relief.

Gerdes v. GEICO Indem. Co., No. 10-2165, 2011 U.S. Dist. LEXIS 21112, at *4 n.1 (D. Ariz. Feb. 11, 2011) (not abstaining from jurisdiction because defendant had removed the "entire case" to federal court).

Here, too, the absence of a state action weighs strongly in favor of the Court retaining jurisdiction. There is no threat of duplicative litigation, nor would the Court be interpreting state law concomitantly with a state court. Moreover, federal courts are versed in applying state law and are often required in this district to apply New Jersey's well developed state insurance law. Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 747 (3d Cir. 1982) ("Federal and state courts are equally capable of applying settled state law to a difficult set of facts."). There is no suggestion that Plaintiffs are raising new, enigmatic issues of state law.

Considering that Plaintiffs seek more than declaratory relief, and that there is no parallel pending state litigation, this Court concludes that the factors discussed above do not weigh in favor of the Court declining to hear this matter.

### IV. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiffs' motion to remand be denied.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/*Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Date: October 3, 2012